IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO, EASTERN DIVISION
COLUMBUS, OHIO

FILED
RICHARD W. NAGEL
CLERK OF COURT
2023 FEB 24 PM 1:21
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

2:23 CV 0769

| | |
|---|---|
| **LORRAINE R. HARRIS** | : CASE NO._____ |
| 1563 ZUBER ROAD | |
| GROVE CITY, OH 43123 | JUDGE GRAHAM |
| PLAINTIFF | : JUDGE: MAGISTRATE JUDGE DEAVERS |
| -VS- | |

AMERICAN ELECTRIC POWER SERVICE CORPORATION

C/O: C T CORPORATION SYSTEM

STATUTORY AGENT FOR SERVICE OF PROCESS

4400 EASTON COMMONS WAY, SUITE 125

COLUMBUS, OHIO 43219,


EMPOWER RETIREMENT, LLC

C/O; CT CORPORATION SYSTEM

STATUTORY AGENT FOR SERVICE OF PROCESS

4400 EASTON COMMONS WAY, SUITE 125

COLUMBUS, OHIO 43219,


JP MORGAN CHASE BANK, NA

C/O THE FEDERAL RESERVE BANK OF FITE & CO. HOLDINGS

STATUTORY AGENT FOR SERVICE OF PROCESS

180 EAST BROAD STREET

COLUMBUS, OHIO 43215, AND

GREAT-WEST TRUST CO., LLC

8515 EAST ORCHARD ROAD

8515 EAST ORCHARD ROAD

GREENWOOD VILLAGE, COLORADO 8011

                      DEFENDANTS          :

## COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

RECITALS:

1. Plaintiff, Lorraine R. Harris (hereinafter Lorraine) was an employee of American Electric Power (hereinafter, AEP) for in excess of forty continuous years, working in AEP's Columbus, OH offices.

2. During Lorraine's employment she participated in the retirement program offered by AEP to its employees, called AEP Retirement Savings 401k Plan (prior to January 1, 2019 known as the American Electric Power System Retirement Savings Plan and hereinafter, the Plan).  She contributed consistently to this program from the date of her first eligibility to participate to the date of her retirement from AEP.

3. Defendant, American Electric Power Service Corporation, (hereinafter, AEP) sponsors and is the Plan Administrator.

4. Defendant, Empower Retirement, LLC, ( hereinafter Empower) variously claims to be the Plan Recordkeeper and a "ministerial services provider", acting under the direction and control of AEP and the Trustees of the Plan.  Plaintiff contends that Empower, given its duties, as directed by AEP, render it a fiduciary as construed under ERISA Section 3(21).

5. Defendants, JP Morgan Chase Bank, NA and Great-West Trust Co., LLC are/were identified to Plaintiff in Plan materials she received as Plan Trustees.

6. The Plan Type is a defined contribution plan and an employee stock ownership plan and a Code section 401(k) plan and an ERISA section c plan.

7. The subject Plan is filed with the United States Department of Labor under two numbers: AEP's EIN and the Plan Number, Plan Number 002.

8. The Plan is administered under the supervision of AEP through and with the services of the Plan trustees, Plan recordkeeper and the investment managers engaged by or behalf of the Plan.

9. This claim arises under ERISA (Employee Retirement Income Security Act of 1974) and jurisdiction of this controversy falls thereunder within the purview of the Courts of the United States.

10. Plaintiff, together with her new investment advisor, (Ameriprise), by phone, directed Empower to distribute to her by checks the balance of her 401K account on 2-19-2020, being the sum of $1,698,545.72.

11. Empower agreed to do so by checks directed to Plaintiff at her home address.

12. Empower did not advise of any impediment to this distribution.

13. Plaintiff relied upon Empower's assurance that that the checks would be express mailed to her.

14. When the distribution check did not arrive as assured, Plaintiff contacted Empower by phone and was advised that the checks would not be mailed until March 3, 2020, then claiming that plan provisions would prohibit it from issuing checks for 30 days next following receipt of the order or directive of Plaintiff.

15. Empower failed to place Plaintiff's distributive funds in any "safe harbor" or cash account, pending the issuance to Plaintiff of her account balance, knowing the then volatility of the markets in part due to the newly announced Covid outbreak in the US and around the world.

16. On February 28, 2020 Empower spoke with Plaintiff to advise her that due to Empower's failure to advise Plaintiff that it was required to wait 30 days before making a directed distribution and failure to take protective measures to protect the balance of it, losses had occurred for which Empower would not be responsible.

17. On March 2, 2020 Empower called Plaintiff to advise that her withdrawal request was being processed and that her balance had dropped to $1,547,470.34 as of 2-28-2020 at market close.

18. Directly due to the mismanagement of Plaintiff's funds, Plaintiff's funds fell in value by $150,867.93 from the amount Empower had advised Plaintiff they were mailing her on Feb. 19, 2020.

19. Plaintiff received the reduced amount of $1,547,470.34.

20. On March 11, 2020 Empower called Plaintiff to offer her $51,796.89 as a good-will gesture against the losses their negligence has produced. Plaintiff declined such offer.

    Again, on March 12, 2020 Empower called to reiterate its offer of March 11, 2020, which Plaintiff again declined within the hearing of hearing of Plaintiff's Ameriprise investment advisor.

21. On March 20, 2020 Plaintiff was sent two checks totaling $51,997.71, notwithstanding her refusal to accept such offer as a resolution of the matter. Plaintiff also received Empower's letter admitting its failures in the handling of the account.

22. As a direct and proximate result of Empower's negligence, mismanagement and misrepresentations in this matter, Plaintiff has suffered a continuing loss of $98,870.22, giving Empower credit for monies paid by in as identified in paragraph 21 above. Likewise, Plaintiff has suffered loss of earnings and interest on such sum the precise total of which will be provided in evidence at a hearing of this cause by Plaintiff's investment advisors with Ameriprise.

FIRST CLAIM:

23. Plaintiff incorporates by reference in this claim and all additional claims hereinafter all recitals set forth above (1-22).

24. Defendants, jointly and severally failed to exercise duties as fiduciaries in the handling, management and supervision of Empower as administrator of the funds.

25. Empower exercised fiduciary responsibilities over Plaintiff's funds such as directly occasioned Plaintiff's losses.

26. Empower has admitted its misfeasance both verbally and in writing and in the persistent tender and payment of a token amount to mollify Plaintiff. Plaintiff has exercised her duty to mitigate her losses and has invested the payment.

SECOND CLAIM:

27. Plaintiff again incorporates by reference all recitals set forth in paragraphs 1 through 22.

28. Plaintiff says that defendants AEP, JP Morgan Chase and Great West failed to properly supervise, oversee, and monitor its Administrator, Empower, in the

discharge of its duties and that as a direct and proximate result of such failure, the Plaintiff's losses were incurred.

29. By reason of such failures, each defendant should be sanctioned as provided in the provisions of ERISA.

WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally as follows:

A. For judgment against each defendant in an amount equal to all unrestored retirement monies of Lorraine Harris, together with losses of earnings on all such sums together with interest thereon at the legal interest rate prevailing in Ohio from March 2, 2020 to the date of such restoration;

B. For reasonable and appropriate attorney's fees and costs incurred by Plaintiff in this matter.

_____
BRUCE A. HYSLOP, Attorney for Plaintiff
HYSLOP LAW OFFICE
3962 B Brown Park Drive
Hilliard, OH 43026
Tel: 614-777-4411; Fax: 614-777-4413
E-mail: bruce@hysloplaw.com
Ohio Supreme Court No. 0007570

## JURY DEMAND

Plaintiffs demand a trial by jury comprised of the maximum number of jurors permitted and provided for at law or by rule in cases of this nature of all issues determined for jury consideration herein.

_____
Bruce A. Hyslop, Attorney for Plaintiffs